Judge Ewing

delivered the Opinion of the Court.
Two executions were levied on certain slaves, as the property of John S. Page, and Lobban, claiming them, instituted his action of replevin against the sheriff, who justified under the process.
On the trial, the appellant read to the jury a bill of sale for the slaves to himself, executed by John S. Page, with a defeasance executed by himself, to Page, in which it is stipulated that Lobban is to surrender to Page the bill of sale and slaves, upon his refunding to him fifteen hundred dollars and interest, for which he holds Page’s bond, within twelve months.
The Court instructed the jury, that those instruments of writing were to be considered a mortgage, and that, *390 unless they believed that they were deposited for record within sixty days, they were void as to creditors, and the slaves liable to the executions.
The difference between a mortgage—which must be recorded to make it valid against creditors & purchasers; and a pawnor pledge; to which the statute requiring mortgages and deeds of trust to be recorded, does not extend.
Upon this instruction, the jury found against Lobban, and he has appealed to this court.
The instruction of the Court was clearly right. The defeasance constituted the bill of sale, though absolute on its face, a mortgage, and, as such, it falls within the letter of the act of 1820, which requires mortgage deeds to be deposited for record in the proper county, within sixty days.
This is a common mode of making a mortgage, and a mode that is sanctioned by the law; and when so made, the deed and defeasance must be both recorded, as they both together give character to the contract, and constitute it a mortgage. 4 Kent’s Com. 141; 17 Serg. & Rawle, 70, Findley vs Hamilton; 2 John. Chy. Rep. 182; 12 Mass. Rep. Harrison vs The Trustees of Phillips’ Academy; Blaney vs Bearce, 2 Greenleaf, 132.
Nor can the fact that possession! of the slaves was delivered to the mortgagee, change the character of the instruments, or make it less necessary to deposit them for record, to make the title valid, at law, against creditors. Though possession is delivered and remains with the mortgagee, it is still a mortgage, arid as such must be recorded.
It is not a pawn or pledge. The distinguishing difference between a mortgage, and a pawn or pledge is, that, by the former the general property passes; by the latter it does not, but the pawnee has only a special property. A mortgage is a conveyance of the title upon condition, and it becomes an absolute interest at law, if not redeemed by a given time. A pledge or pawn is a deposit of goods upon terms, either with or without a fixed period for redemption.
Delivery of possession must accompany a pledge or pawn, and is essential to its validity. It need not accompany a mortgage, in the general, but may, and sometimes does do so. 4 Kent’s Com. 137-8-9. Apply these distinguishing characteristics to the instruments relied on, and it will appear clear that they constitute a mortgage, and not a pawn or pledge.
*391 Though the legislature has not thought proper to require the latter to be deposited for record, they have required that the former shall be, and that, too, without any exception, in cases where the possession shall accompany the mortgage. The instruction of the Circuit Court was, therefore, proper.
Judgment affirmed, with costs.