Gholson, J.
The form. in which the questions decided by the 'district court are presented by the record, only allows a review of •the conclusions of law. In some parts of the bill of exceptions, *141 there are statements rather of evidence than facts, but as to the effect of such statements as evidence, it is not proper for this court to inquire. The only question is, whether all the statements, being regarded as statements of facts, show that the legal conclusions to which the court arrived, were erroneous?
There are two aspects in which the case maybe regarded. 1. As to the form of the assignment. Was it such as necessarily to constitute the transaction a trust within the statute prescribing the-effect of an assignment to trustees in contemplation of insolvency, and to prefer creditors ? 2. As to the facts found by the court which accompanied the formal assignment. Do they show in connection with, or independent of, the form adopted, that it was the intent and agreement of the parties to create such a trust as comes within the view of that statute ?
As. to form, it has been repeatedly held in this court, and must be regarded as settled doctrine, “that the act does not extend to, or in any way affect, conveyances or ^mortgages made by a failing debtor to his creditor, for the purpose of paying or securing-his debts.” Dickson v. Rawson, 5 Ohio St. 218, 222. “It may be said that a mortgagee is in some respects a trustee, but this arises-merely as incident to his relation as mortgagee, and is not the kind of trustee designated in the statute.” Atkinson v. Tomlinson, 1 Ohio St. 237, 243. All the assignments in this case purporting to convey property, are in the form of mortgages. They contain a conveyance of title and a defeasance; they appear on their face to be securities for the payment of money. Flagg v. Mason, 2 Sum. 486, 533; Lobbau v. Garnett, 9 Dana, 389. These mortgages contain a power of sale, but this, it is clear, does not effect their character as mortgages. “ A power to dispose of the property to satisfy the debt for which it is pledged, is not collateral; but like the right of redemption, inheres in the subject. It is not in addition to the-mortgage, but a part of it, and the mode in which it may be exercised is as proper á subject of agreement, prima facie, as the terms-of the mortgage itself.” Lawrence v. Farmers’ Loan and Trust Co., 3 Kern. 200, 209.
A distinction has been claimed in the circumstance, that in this-case there was not one. but several mortgages. A failing debtor having the right to prefer one creditor by a mortgage upon particular property, it is difficult to see why another creditor might not be preferred by another mortgage upon the same property. *142 'This would be good against every one except the first mortgagee. Though mortgages are made, successively, upon the same property, they are still regarded in the authorities as mortgages. 2 Hilliard on Mortgages, 347. But a mortgage may be made to several persons to secure their several debts, or several mortgages to different debtors may be executed at one and the same time, so as to place the mortgagees upon an equal footing in point of security, in proportion to their respective demands. And these eases would, as to an interest in the property, stand upon the same principle. *As •to a ease of the former kind, it has been said: “The instrument purports to be a conveyance of the whole property described, to the ■three grantees and their assigns, on one consideration, moving from •them all, but paid in different proportions; a conditional transfer ■ defeasible upon the payment of several sums to each of them. Such .a conveyance vested in them an interest in the goods, and whether this interest is technically a joint interest, or an interest in common, is wholly immaterial. It inures to their common benefit; and ■should the mortgage never be redeemed by the payment of the ■•■debts, but be foreclosed, the mortgagees would hold the • absolute property in the goods, in the proportion of their respective debts.” Hubby v. Hubby, 5 Cush. 516, 518. As to the point of form, therefore, we have no hesitation in coming to the conclusion, that neither -of the mortgages separately, nor all together, constituted an assignment to trustees within the meaning of the statute.
Undoubtedly, the effect and operation of the statute is not to be .•avoided by the form of assignment the parties may choose to adopt. We come, then, to consider the case in its second aspect, and to the inquiry whether the facts found by the court show that there was .an assignment in trust within the meaning of the statute. The requisitions of the statute have been frequently pointed out. There must be an assignment to trustees, in contemplation of insolvency, to prefer creditors. From the facts found, it may be fairly concluded that there was an assignment in contemplation of insolvency to prefer creditors. The hinge of the controversy is, whether this assignment was to trustees or to the parties interested as a security merely for the payment of debts.
The cases arising under the statute may be classed under tw o heads: 1. Where there is an assignment to a third person, or to • one or more creditors, and there is a trust superádded to prefer ••■other persons in the payment of debts due to them. Here it has *143 been said that the test is, ^whether the persons who do not take the title but are to be preferred, may claim in a court of equity an account of the property which was the subject of assignment. Dickson v. Rawson, 5 Ohio St. 218,222. 2. Where there is an assignment to creditors to prefer them, and also a trust superadded for the benefit of tho assignor, or to accomplish some purpose desired by him, other than the preference of the creditors to whom the assignment has been made. We feel bound to consider this ease in both of these views, for we incline to the opinion that, in either way, there may be án assignment in trust within the mischief intended to be reached by the statute. It is true that assignments falling under the second class would generally be invalidated as to any right of preference upon the ground of fraud, but the circumstance that the assigment in trust was fraudulent, certainly does not prevent the operation of the statute. This has been expressly held during the present term. Eloyd v. Smith, 9 Ohio St. 546. And that assignments of this description fall within the statute appears to have been the view of the court in the case of Bagaley v. Waters, 7 Ohio St. 359-368.
Having in view the point already decided, that the form of assignment did not constitute any one or more of the mortgagees trustees for the others, the facts found by the court clearly negative the conclusion that there was an assignment to them, or either of them, in trust for any other creditors of the mortgagors. In the whole transaction there appears to have been no intention to provide for any creditors, except the mortgagees. To bring the case under the first class, it must be shown that there was an assignment to Converse, Giddings & Bigelow in trust for the mortgagees. In other words, that, according to the real intent and agreement of the parties, the title to the property was to be vested in Converse, Giddings & Bigelow in trust for the creditors whose claims they represented. But to sustain this view there should be some finding *by the court that the mortgages were not, in fact, executed as valid and operative instruments. So far from there being any such finding, the facts as found are to the contrary. And even the delivery of possession is shown to have been made to Converse, Giddings & Bigelow, “ as agents and attorneys of all of said mortgagees.” It is true, it is added in the finding, “and only as siich agents and .attorneys, as they claimed.” But the finding in any view forbids the conclusion required by the plaintiffs, that, *144 in reality, the assignment was not to tbe mortgagees, but to Converse, Giddings & Bigelow.
With much more plausibility it may be claimed that the case is one falling under the second class. If what occurred, in fact, immediately after the delivery of the possession of the goods, had been, previously to the delivery, agreed to and intended by the parties, that is, the employment of the assignors as clerks, the carrying1 on the business as before, involving an expenditure of a part of the fund in the wages of persons employed and in the rent of a building, it might be fairly claimed that there was something more than a mortgage security, with the ordinary power of sale. But while these facts are found, and might, from their immediately following ■upon the execution of some of the mortgages, and the taking possession under all, have authorized a court or jury, in the absence of other circumstances, to find the further fact, that at the time possession was delivered, and as a part of the consideration and inducement, the parties made an agreement that the things which were done should be done, there is no such finding in the record. And as before stated, we can not treat the facts found as evidence, and infer other facts to exist which are not directly found by the court. We must be able to say that the facts found show the conclusion required, that such was the intent and agreement of the-parties at the time the delivery took place. Now, the statement of facts minutely details what took place immediately before the delivery of the'possession, and there *is nothing whatever to show that Converse, Giddings & Bigelow came under any obligation whatever as to the future disposition of the goods. And these statements show not only that the court made no finding of any agreement as to the disposition of the goods, but probably would not have been warranted in making any such finding.
We are not called on, therefore, to determine the effect of any such intent or agreement to constitute a trust, and forbear to lay down any test by which to determine what particular acts agreed to be done in reference to the property would constitute such a trust as to bring the case within the statute. It would, indeed, be difficult to do so, and it may be observed, generally, that such acts as those which have been referred to, are in their nature equivocal, and their construction and effect might depend very much upon the circumstances of the case.
Not being able to find that any trust was created at the time when *145 it would be properly created in tbe beginning of the transaction, and! when the property was delivered as a security for the debts, we can see no. foundation for the argument that the mortgagees, holding a legal security, subsequently agreed to surrender it and assume a trust. What happened afterward in the sale of the property can only be attributed to a disposition to realize the security. As before observed, whether the conclusions of fact from the evidence were correctly made by the district court, is a matter not presented for our consideration. We must be able to say that the conclusions of law upon the facts found are erroneous; this we can not do, and must therefore affirm the judgment.
Brinkerhoee, C. J., and Scott, Sutliee, and Peck, JJ., concurred.